UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUBIN KEVENSKY,

                Plaintiff,

                -against-

NEW CITY ROCKLAND COUNTY; AND THE CITY OF NEW YORK,

                Defendants.

19-CV-2014 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

       On March 4, 2019, Plaintiff filed this complaint while he was detained in the Robert N. Davoren Center on Rikers Island. At the time he filed the complaint, Plaintiff did not submit the filing fees or a request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). Two days later, on March 6, 2019, Plaintiff filed an IFP application. Because Plaintiff qualified as a prisoner under 28 U.S.C. § 1915(h) when he filed this action, by order dated March 11, 2019, the Court directed Plaintiff to pay the filing fees or submit a prisoner authorization form. Plaintiff did not comply with the Court's March 11, 2019 order, and on April 18, 2019, the Court dismissed the action for failure to file the prisoner authorization form or pay the filing fees.[1] *See* 28 U.S.C. §§ 1914, 1915.

       Plaintiff, who is now detained in the Bergen County Jail, filed a notice of appeal (ECF No. 8), together with a motion for an extension of time to appeal (ECF No. 7); these were dated June 26, 2019, and the Court received them on July 31, 2019. In the motion, Plaintiff explains

---

[1] Because the Court dismissed the action without prejudice, nothing in the order of dismissal prevents Plaintiff from simply refiling his complaint, together with an IFP application and prisoner authorization.

that he "was being moved around while incarcerated and the officials failed to provide [me], with my mails." (ECF No. 7 at 1.)

For the following reasons, the Court construes Plaintiff's request for an extension of time to file a notice of appeal as a motion to reopen the time to file an appeal and grants the motion.

**DISCUSSION**

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed within thirty days after entry of the judgment or order appealed from. A district court may grant a limited extension of time to file a notice of appeal if: (1) a party moves for the extension no later than thirty days after the time prescribed by Rule 4(a) expires; and (2) the moving party establishes excusable neglect or good cause. Fed. R. App. P. 4(a)(5).

Because Plaintiff's motion was not filed within sixty days after the entry of judgment, the Court does not have authority to extend the time to appeal. *See Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) (holding that district court had no authority to consider *pro se* motion under Fed. R. App. P. 4(a)(5) filed over thirty days after expiration of initial appeal period). But the Court can construe Plaintiff's motion as a motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6). *See Cordon v. Greiner*, 274 F. Supp. 2d 434, 439 (S.D.N.Y. 2003) ("Where a *pro se* litigant submits a late notice of appeal and alleges that he did not receive notice of the entry of the judgment or order from which he seeks to appeal within 21 days of its entry, that notice should be treated as a motion to reopen the time to file an appeal in accordance with Rule 4(a)(6) of the Federal Rules of Appellate Procedure.").

Rule 4(a)(6) of the Federal Rules of Appellate Procedure permits a district court to reopen the time to file an appeal for a period of 14 days if three conditions are satisfied. First, the court must find that "the moving party did not receive notice under Federal Rule of Civil Procedure

77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6)(a). A party receives notice under Rule 4(a)(6) when the document arrives at the litigant's address, not when it is properly served by the Clerk of Court under Rule 77(d) and Rule 5(b). *Commc'n Network Int'l, Ltd. v. MCI WorldCom Commc'ns., Inc.,* 708 F.3d 327, 333-34 (2d Cir. 2013) ("Rule 4(a)(6) was 'designed to allow a district judge to reopen the time for appeal if notice of the judgment does not arrive—whether the fault lies with the clerk or the Postal Service' and a holding that service equals receipt 'would prevent the rule from serving that function.'"). Second, the motion to reopen "must be filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6)(B). Finally, the Court must find that "no party would be prejudiced." Fed. R. App. P. 4(a)(6)(C). The Advisory Committee Notes for Rule 4 define "prejudice" for the purposes of Rule 4(a)(6) as "some adverse consequences other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal." Advisory Committee Notes to 1991 Amendments to Federal Rules of Appellate Procedure, Fed. R. App. P. 4(a)(6).

Here, it appears that the three conditions have been met. Plaintiff asserts "I was being moved around while incarcerated and the officials failed to provide I [sic] Mr. Lubin, with my mails." (ECF No. 7 at 1.) Plaintiff's motion and notice of appeal were filed within 180 days of the judgment, and it does not appear that any party would be prejudiced by the Court's decision to grant Plaintiff's motion. Accordingly, Plaintiff's motion is granted.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

3

Plaintiff's motion for an extension of time to appeal (ECF No. 7), construed as a motion to reopen the time to appeal, is granted. The Clerk of Court is directed to process Plaintiff's notice of appeal (ECF No. 8) in accordance with the procedures of the Clerk's Office.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 1, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge